THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HENRY E. MCKINNON and TAMI MCKINNON,

Plaintiffs,

v.

ALBERTO R. GONZALES and UNITED STATES DEPARTMENT OF JUSTICE,

Defendants.

HON. JEROME B. SIMANDLE

Civil No. 07-1694 (JBS)

**MEMORANDUM OPINION**

**SIMANDLE**, District Judge:

This matter is before the Court on Defendants' motion to dismiss Plaintiff Tami McKinnon's claim for loss of consortium [Docket Item 6]. THIS COURT FINDS AS FOLLOWS:

1. Plaintiff Henry E. McKinnon works as a senior Unit Manager at the Federal Correctional Institution in Fort Dix, New Jersey, where he has been employed for fifteen years. (Compl. ¶¶ 3-4.) Plaintiff Tami McKinnon is Mr. McKinnon's wife. (Id. at ¶ 70.) In January 2001, Mr. McKinnon filed a complaint against the Department of Justice with the Equal Employment Opportunity Commission ("EEOC"), in which he claimed that he had been discriminated against on account of his sex (the "2001 EEOC complaint"). (Id. at ¶ 8.) Mr. McKinnon's 2001 EEOC complaint "was resolved in Plaintiff's favor on or about November 3, 2003 by the execution of a Settlement Agreement." (Id. at ¶ 9.)

2. According to Mr. McKinnon, as a result of having filed and pursued his 2001 EEOC complaint, he has since been subjected to further discrimination and retaliation, and on June 9, 2005, he filed a second complaint with the EEOC (the "2005 EEOC complaint"). (Id. at ¶ 14.) On April 9, 2007, Plaintiffs filed their Complaint in this action.[1] Plaintiffs' Complaint alleges that: (1) Defendants retaliated against Mr. McKinnon for filing his 2001 EEOC complaint, "in violation of Title VII and other Federal and State statutes, as well as Plaintiff's Federal and State Constitutional rights"; (2) Defendants discriminated against Mr. McKinnon because of his sex; (3) Defendants' conduct created a hostile work environment; and (4) Mrs. McKinnon suffered a loss of consortium as a result of these claimed injuries. (Compl. ¶¶ 52; 61; 68; 71.)

---

[1] Mr. McKinnon's 2005 EEOC complaint was initially held in abeyance as a result of the December 2, 2005 order of EEOC Administrative Judge Kelly M. Humphrey certifying a class of similarly situated Bureau of Prisons ("BOP") employees. (Defs.' Br. Ex. B.) The BOP appealed Judge Humphrey's order to the EEOC, which, on July 19, 2007 issued its decision reversing the class certification. (Defs.' Reply Br. 1.)

In their motion to dismiss, Defendants originally argued that because the appeal of the class certification order was still pending, Mr. McKinnon action before this Court should be dismissed because he had not yet exhausted his administrative remedies in accordance with 42 U.S.C.A. § 2000e-16(c). (Defs.' Br. 5-11.) After the EEOC issued its July 19, 2007 decision, Defendants withdrew their motion to dismiss Mr. McKinnon's Title VII claims. (Defs.' Reply Br. 1.)

3. Defendants have moved to dismiss Mrs. McKinnon's loss of consortium claim.[2] According to Defendants, "[n]either Title VII, nor the New Jersey Law Against Discrimination recognizes a claim for loss of consortium." (Defs.' Br. 11.) Because a claim for loss of consortium is derivative of the injured spouse's primary claim, Defendants argue, and because neither Title VII nor the New Jersey Law Against Discrimination ("NJLAD") provides a basis for such derivative liability, Mrs. McKinnon's loss of consortium claim must be dismissed.[3] (Id.)

4. Plaintiffs oppose Defendants' motion, reasoning from the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), that "[s]o long as a consortium claim is recognized in the State of New Jersey, it matters not whether such a claim can be made under Title VII or the New Jersey Law Against Discrimination." (Pl.'s Opp'n Br. 18.) In light of the fact that "[t]he State of New Jersey has long recognized a claim for loss of consortium,"

---

[2] As is noted in n.1, supra, Defendants initially moved to dismiss all of Plaintiffs' claims, but have since withdrawn their motion as to all claims except Mrs. McKinnon's loss of consortium claim. (Defs.' Reply Br. 1.)

[3] Defendants have also argued that Mrs. McKinnon's claim must be dismissed because they are immune from suit under the Federal Tort Claims Act and because Mrs. McKinnon failed to file an administrative claim prior to filing this action as is required by 28 U.S.C. § 2675(a). Because the Court agrees with Defendants' initial argument that Mr. McKinnon's claims do not provide a cognizable basis for Mrs. McKinnon's loss of consortium claim, it does not reach Defendants' additional arguments for dismissal.

Plaintiffs argue, Mrs. McKinnon's claim should be permitted to proceed, notwithstanding Defendants' arguments regarding the derivative nature of loss of consortium claims. (Id.)

4. The Court agrees with Defendants and will grant their motion to dismiss Mrs. McKinnon's claim for loss of consortium. It is well-settled that "[a] loss of consortium claim is a derivative claim, depending upon the existence of tortious conduct on the part of the defendants." Acevedo v. Monsignor Donovan High School, 420 F. Supp. 2d 337, 342 (D.N.J. 2006) (quoting Horvath v. Rimtec Corp., 102 F. Supp. 2d 219, 236 (D.N.J. 2000)) (internal quotations omitted, emphasis in original); see also Toscano v. Borough of Lavallette, No. 04-4412, 2006 WL 1867197, at *10 (D.N.J. June 30, 2006) (loss of consortium "is a derivative claim that depends of the existence of another cause of action"). The primary claim upon which a loss of consortium claim depends must be legally sufficient to support such a derivative claim. Cf. Cappiello v. Ragen Precision Industries, Inc., 192 N.J. Super. 523, 532 (App. Div. 1984) (where the injured party suffered only economic loss, spouse cannot recover under a loss of consortium theory).

5. In the context of Title VII claims, courts have consistently held that "[a] claimant's right to recover under an employment discrimination statute does not support a loss of consortium claim by the claimant's spouse." Acevedo, 420 F.

Supp. 2d at 342; see also Durley v. APAC, Inc., 236 F.3d 651, 657 (11th Cir. 2000) (holding that a "Title VII failure to promote claim does not provide a basis for derivative liability for loss of consortium"); Edsall v. Assumption College, 367 F. Supp. 2d 72, 85 (D. Mass. 2005) (finding that plaintiff's wife "cannot derive her loss-of-consortium claim from [her husband's] Title VII action or his claim under 42 U.S.C. § 1981); Franz v. Kernan, 951 F. Supp. 159, 162 (E.D.Mo. 1996) (holding that "Claims brought under Title VII . . . do not constitute an 'underlying tort' from which a loss of consortium claim may be derived"); Brown v. Youth Services Intern. of Baltimore, Inc., 904 F. Supp. 469, 470 (D.Md. 1995) (citing numerous cases in finding that "courts almost unanimously have dismissed loss of consortium claims based upon federal civil rights violations"); Quitmeyer v. Southeastern Pennsylvania Transp. Authority, 740 F. Supp. 363, 370 (E.D.Pa. 1990). Mr. McKinnon's employment discrimination claims based on federal law thus provide no basis for Mrs. McKinnon's derivative loss of consortium claim.

6. Likewise, "[a]lthough the New Jersey Supreme Court has not answered the question of whether per quod damages for loss of consortium are recoverable under the [NJLAD]," the Court of Appeals for the Third Circuit has concluded that the NJLAD "makes no provision for such an ancillary claim." Hurley v. Atlantic City Police Dept., 174 F.3d 95, 130 (3d Cir. 1999); see also

Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 499 (App. Div. 1994). Therefore, to the extent that Mr. McKinnon's employment discrimination claims are based on New Jersey law, they are insufficient to support Mrs. McKinnon's derivative claim. Plaintiff's arguments regarding the Court's supplemental jurisdiction are unavailing, since the absence of a primary claim sufficient to support a loss of consortium claim undermines the merits of the loss of consortium claim, irrespective of the Court's jurisdiction.

7. In short, since "[a] claimant's right to recover under an employment discrimination statute does not support a loss of consortium claim by the claimant's spouse" under Title VII or New Jersey law, Acevedo, 420 F. Supp. 2d at 342, Defendants' motion to dismiss Mrs. McKinnon's loss of consortium claim will be granted.

**January 30, 2008**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge